IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATY SENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1331 JJF |
| | ) | |
| MBNA AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MBNA AMERICA, INC.'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Scott A. Holt (No. 3399)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6623
sholt@ycst.com
Attorneys for Defendant

Dated: March 8, 2005

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 2

ARGUMENT ........................................................................................................................... 3

I.    The Complaint Should Be Dismissed Because Plaintiff Failed To Effect Timely Service of Process As Required Under Rule 4(m). ............... 3

       A.    There Is No Good Cause To Extend The Time For Service. ................ 4

       B.    The Court Should Exercise Its Discretion To Dismiss The Case. ........ 6

CONCLUSION ....................................................................................................................... 8

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

Ayers v. Jacobs,
  99 F.2d 565 (3d Cir. 1996) ............................................................................................ 5

Barrett v. City of Allentown,
  152 F.R.D. 46 (E.D. Pa. 1993) ...................................................................................... 5

Braxton v. United States,
  817 F.2d 238 (3d Cir. 1987) ...................................................................................... 5, 8

McCurdy v. American Bd. of Plastic Surgery,
  157 F.3d 191 (3d Cir. 1998) ......................................................................................... 6

MCI Telecoms. Corp. v. Teleconcepts,
  71 F.3d 1086 (3d Cir. 1995) ...................................................................................... 5, 6

Petrucelli v. Bohringer and Ratzinger,
  46 F.3d 1298 (3d Cir. 1995) ...................................................................................... 4, 7

Veal v. United States of America,
  84 Fed. Appx. 253 (3d. Cir. 2004) ................................................................................ 6

WP3:1086280.1                                                                                                                          09626.1041

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Maty Sene ("Plaintiff" or "Sene") initiated this action on October 5, 2004 by filing a complaint asserting claims that MBNA America, Inc. ("Defendant" or "MBNA") had engaged in unlawful race discrimination and retaliation resulting in his termination from employment. D.I. 1, ¶ 8.

On December 17, 2004, following Plaintiff's attempts to effect service on MBNA's custodian of records with an unsigned and unsealed summons, MBNA moved to dismiss the case for lack of personal jurisdiction, and failure to obtain valid process and service of process. See Motion, D.I. 4. Briefing was completed on MBNA's motion on February 1, 2005.

On February 8, 2005, one hundred twenty five (125) days after the Complaint was filed, Plaintiff served a signed summons on MBNA's custodian of records. See D.I. 13.

This is MBNA's Supplemental Brief in Support of its Motion to Dismiss the Complaint.

2

## **SUMMARY OF ARGUMENT**

The Complaint should be dismissed because the Plaintiff has failed to effect service of process within the time prescribed under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff cannot show good cause why service of the Summons and Complaint has not been accomplished within 120 days, and numerous factors weigh against this Court's exercise of discretion to extend the time to effect service.

## ARGUMENT

I.  **The Complaint Should Be Dismissed Because Plaintiff Failed To Effect Timely Service of Process As Required Under Rule 4(m).**

The necessity of filing this brief is dictated once again by Plaintiff's flagrant disregard of the Federal Rules of Civil Procedure. When MBNA initially moved to dismiss the Complaint in December 2004, the primary basis for dismissal was because of fundamental defects in the purported summons. Plaintiff responded to the motion on January 21, 2005 by arguing that he still had time to cure any defects in the summons, since under Fed. R. Civ. P. 4(m) he "had until on or before February 3, 2005 in which to effect proper service." See Ans. Br. at 1, D.I. 8. In other words, Plaintiff contended that MBNA's motion was moot since he still had thirteen (13) days in which to obtain a valid summons and effect service within the 120 requirement of Rule 4(m).

At that point, one would have expected the Plaintiff to have promptly obtained a valid summons and effect service within the 120 day window. In the alternative, if some unimaginable occurrence would have prevented Plaintiff from effecting timely service, one would have expected the Plaintiff to have sought relief for an extension of time from the Court. Which one of these options did Plaintiff elect? Neither. He did nothing.

He did not effect service on or before February 3, 2005. He did not even bother to obtain a proper summons from the Clerk's office before the deadline. Instead, Plaintiff waited until February 7, 2005 to obtain a signed summons, and then serve MBNA's custodian of records the following day – 125 days after the Complaint was filed.

As Plaintiff is well aware, the Federal Rules of Civil Procedure provide strict requirements to effect timely service of process on a defendant. Rule 4(m) specifically provides that "[I]f service of the summons and complaint is not made upon a defendant within 120 days

3

after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

In construing Rule 4(m), the Third Circuit Court of Appeals has established a two part inquiry to determine whether dismissal of a complaint not served within the 120 day limit is appropriate. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298 (3d Cir. 1995). The first inquiry is whether good cause exists for an extension of time to serve the complaint. "If good cause is present, the district court must extend time for service and the inquiry is ended." Petrucelli, 46 F.3d at 1305. If, on the other hand, good cause does not exist, the court must decide in its sole discretion whether to dismiss the case without prejudice or extend the time for service. Id.

The circumstances of the instant case warrant dismissal of the action without prejudice. As set forth below, no good cause exists to extend the time for service, and the Court should not exercise its discretion to allow the Plaintiff additional time.

A.   **There Is No Good Cause To Extend The Time For Service.**

The determination of whether "good cause" exists is left to the sound discretion of the district court. See Petrucelli, 46 F.3d at 1305 (reviewing district court's determination that good cause has not been shown under the abuse of discretion standard). In defining the scope of the "good cause" exception, the Third Circuit has equated it with the concept of "excusable neglect" of Fed. R. Civ. P. 6(b)(2). Petrucelli, 46 F.3d at 1312. The Third Circuit has "described excusable neglect as requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Id. The primary focus at this stage is on the plaintiff's reason(s) for not complying with

4

the time limits of Rule 4. <u>MCI Telecoms. Corp. v. Teleconcepts</u>, 71 F.3d 1086, 1097 (3d Cir. 1995).

A review of the undisputed facts of the instant case reveals there is no good cause for an extension of time to effect service under Rule 4(m). Plaintiff commenced this action on October 5, 2004 and had until February 3, 2005 to effect service. At no time during 120 day period, however, did Plaintiff obtain a clerk-issued summons. Nor did he ever seek an extension of time from the Court.

There is no plausible excuse for Plaintiff's inactions. He cannot claim he was ignorant of the deadline or that he made a simple miscalculation. Plaintiff even referenced the February 3, 2005 deadline in his Answering Brief. He also cannot rely on a defense based on the neglect or inattentiveness of his attorney. As the Third Circuit has repeatedly recognized, inadvertence of counsel does not amount to good cause. <u>Braxton v. United States</u>, 817 F.2d 238, 241 (3d Cir. 1987).

Nor can Plaintiff argue that his attempt to effect service with an unsigned and unsigned service was a good faith effort to comply with the rules. In fact, the opposite is true. It provides compelling evidence of Plaintiff's flagrant disregard for the federal rules. See <u>Ayers v. Jacobs</u>, 99 F.2d 565, 570 (3d Cir. 1996) (recognizing that a plaintiff's attempts to effect service with an unsigned and unsigned summons is relevant when determining under Rule 4(m) whether he had good cause for his failure to make service within 120 days); <u>see also</u> <u>Barrett v. City of Allentown</u>, 152 F.R.D. 46, 49 (E.D. Pa. 1993) ("An unsigned summons demonstrates a flagrant disregard for the rules of procedure . . . .").

In sum, the consistent procedural errors, inattentiveness to the rules, and complete lack of diligence on the part of the Plaintiff leaves no doubt that there is no good cause to extend the time period for service.

**B.    The Court Should Exercise Its Discretion To Dismiss The Case.**

The Court's second inquiry is to determine whether it should dismiss the case or grant an extension of time to effectuate service. This decision rests "squarely within the Court's sound discretion." MCI, 71 F.3d at 1097.

Rule 4(m) provides no guidance on what factors a district court may consider in making its decision. The Advisory Committee Notes to the 1993 Amendments of Rule 4 provide several examples of situations when an extension may be justified, such as when the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. Other factors that have been recognized by the Third Circuit include whether the plaintiff is acting pro se, Veal v. United States of America, 84 Fed. Appx. 253, 256 (3d. Cir. 2004); whether service required was of a kind often found confusing, id.; and whether the plaintiff requested an extension of time before the time allotted under Rule 4(m) had lapsed. See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (noting that plaintiff's failure to request extension before deadline expired was proper factor for district court to consider in denying extension for more time, despite the fact that applicable statute of limitations had run on claim).

The majority of the factors in this case weigh heavily in favor of dismissal. The first factor weighing in favor of dismissal is that Plaintiff is not acting pro se. He has been represented by counsel since the suit was filed. A second factor supporting dismissal is that the service requirements of this case do not present anything unique or complex. Defendant is not a

6

governmental agency or overseas company with confusing service requirements. Plaintiff was simply required to follow the well settled procedures for serving a business organization located within the United States. Indeed, Plaintiff's primary argument in his Answering Brief was that all he needed to do to effect proper service was obtain a proper summons and make service by February 3, 2005. Why Plaintiff could not have achieved service by taking these simple steps remains beyond comprehension.

A third factor supporting dismissal is that there is no evidence that Defendant tried to evade service or conceal any defects in attempted service. If anything, Defendant put Plaintiff on notice that service was defective when it filed its motion to dismiss on December 17, 2004. Thus, Plaintiff had ample opportunity to remedy the defect.

Finally, Plaintiff's failure to seek an extension of time allotted under Rule 4(m) provides a fourth factor favoring dismissal. This factor is particularly compelling given Plaintiff's reliance on the argument that he still had time to cure his error by making service within the 120 window provided in Rule 4(m).

With the great weight of factors supporting dismissal, only the statute of limitations factor weighs in favor of an extension.[1] The fact that the limitations period has expired, however, does not mean that an extension should be granted. As explained by the Third Circuit:

> We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.

Petrucelli, 46 F.3d at 1306.

---

[1] Plaintiff's claims under Title VII would be barred, since more than 90 days would have passed from the issuance of the Right to Sue Letters.

The Third Circuit in <u>Petrucelli</u> clearly understood that there would be circumstances where district courts should dismiss cases even when the limitations period has expired. The facts here demonstrate that this case is one of those situations. Plaintiff has had multiple opportunities to effect proper service. At each opportunity Plaintiff has shown a flagrant disregard for the federal rules. <u>See</u> <u>Petrucelli</u>, 46 F.3d at 1306 (cautioning plaintiffs to "treat the 120 days with the respect reserved for a time bomb.") (citing <u>Braxton v. United States</u>, 817 F.2d 238, 241 (3d Cir. 1987)). He should not be given another opportunity after having squandered so many. The Court should exercise its discretion and dismiss the case.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire  ID # 3399
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6623
sholt@ycst.com
Attorneys for Defendant

Dated: March 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on **March 8, 2005**, I electronically filed a true and correct copy of **Defendant MBNA America, Inc.'s Supplemental Brief In Support of Its Motion To Dismiss** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Tshaka H. Lafayette, Esquire<br>Lafayette Chisholm Talmadege & Jackson, P.C.<br>The Stephen Girard Building<br>21 South 12th Street<br>Suite 1050<br>Philadelphia, PA  19107 | Kester I. H. Crosse, Esquire<br>Williams & Crosse<br>1214 King Street, Suite 300<br>Wilmington, DE  19801 |

I further certify that on March 8, I caused a copy of **Defendant MBNA America, Inc.'s Supplemental Brief In Support of Its Motion To Dismiss** to be served on the following counsel of record:

| | |
|---|---|
| Tshaka H. Lafayette, Esquire<br>Lafayette Chisholm Talmadege & Jackson, P.C.<br>The Stephen Girard Building<br>21 South 12th Street - Suite 1050<br>Philadelphia, PA  19107 | Kester I. H. Crosse, Esquire<br>Williams & Crosse<br>1214 King Street, Suite 300<br>Wilmington, DE  19801 |
| **BY UNITED STATES FIRST CLASS MAIL** | **BY HAND DELIVERY** |

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire (Del. No. 3399)
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6623
sholt@ycst.com
Attorneys for Defendant

DATED:  March 8, 2005