```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF DELAWARE

MATY SENE,                      :
                                :
            Plaintiff,           :
                                :
     v.                          :    Civil Action No. 04-1331-JJF
                                :
MBNA AMERICA, INC.,              :
                                :
            Defendant.           :
                                :
```

Kester I.H. Crosse, Esquire, of
WILLIAMS & CROSSE, Wilmington, Delaware.
<u>Of Counsel</u>: Tshaka H. Lafayette, Esquire of
LAFAYETTE LAW GROUP, P.C., Philadelphia, Pennsylvania.
Attorneys for Plaintiff.

Scott A. Hold, Esquire, of
YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

September 20, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Dismiss (D.I. 4). For the reasons discussed, Defendant's motion will be granted.

## I. Background

On October 5, 2004, Plaintiff filed a complaint, alleging that Defendant, Plaintiff's former employer, engaged in racially discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Delaware Discrimination Act. No summons was issued by the Clerk at that time. Plaintiff, after requesting a waiver of service and not receiving it, served a copy of the complaint on Defendant's custodian of records. A summons, which accompanied the complaint, contained neither the signature of the Clerk nor the seal of the Court. Defendant filed a Motion To Dismiss, and Plaintiff responded, recognizing February 3, 2005 to be the last day service could be effected under the 120-day rule of Federal Rule of Civil Procedure 4(m). On February 8, 2005, Plaintiff served Defendant with a summons bearing the signature of the Clerk and the seal of the Court.

By its Motion, Defendant moves the Court to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficient service of process, and failure to serve the complaint and summons within 120 days. Because the 90-day

1

limitations period of Title VII has expired, a dismissal by the Court would be with prejudice.

## II. Parties Contentions

Defendant contends that the Court lacks personal jurisdiction over it due to a defective summons, that service of process on the custodian of records was insufficient, and that the time for serving the summons and complaint has passed and an extension should not be granted.

In response, Plaintiff contends that he had time to correct the defective summons, and therefore, he should be granted leave to amend the summons without service on Defendant. Plaintiff also contends that dismissal is not warranted, particularly in light of the statute of limitations imposed by Title VII and the fact that Defendant has not been prejudiced. Furthermore, Plaintiff requests that the Court declare the custodian of records to be a person authorized to receive service for Defendant.

## III. Discussion

A.  <u>Whether process was sufficient so as to give the Court personal jurisdiction over Defendant</u>

Federal Rule of Civil Procedure 4(a) provides that the summons to be served on the defendant "shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and

2

address of the plaintiff's attorney or, if unrepresented, of the plaintiff." FED. R. CIV. P. 4(a). Compliance with this rule is required to give a court personal jurisdiction over the defendant. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)(holding the court did not have personal jurisdiction over the defendant because the summons did not contain the signature of the clerk or the seal of the court). Failure to comply is "fatal to the plaintiff's case. The parties cannot waive a void summons." Id.

If the defendant raises the issue of the plaintiff's failure to comply with Rule 4(a) in a motion or a responsive pleading, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(2). Ayres, 99 F.3d at 569. When the issue is raised by the defendant, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." Id.

Plaintiff argues that Defendant was not actually prejudiced by the "minor, technical error" in the summons, and therefore, Plaintiff should be permitted to amend the summons without additional service on Defendant. (D.I. 8). The Court's lack of personal jurisdiction, however, is more than just a minor, technical error. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "Requiring the Clerk to sign and

3

issue the summons assures the defendant that the process is valid and enables the Clerk to collect whatever filing fees are required." Ayres, 99 F.3d at 569.

Additionally, the fact that Defendant had notice of the lawsuit is not helpful to Plaintiff's argument because notice is not enough to confer personal jurisdiction. Omni Capital Int'l, Ltd., 484 U.S. at 104; see also Ayres, 99 F.3d at 569.

Based on the facts presented, the Court concludes that it lacks personal jurisdiction over Defendant. Plaintiff served a summons on Defendant that contained neither the signature of the Clerk nor the seal of the Court, and the lack of signature and seal is fatal.

    B.    Whether the Court should grant Plaintiff an extension of time under Rule 4(m) to effect service of process

Having concluded that the action should be dismissed for lack of personal jurisdiction, the Court need not "consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." Ayres, 99 F.3d at 569. Although consideration may not be necessary, the Court will address Plaintiff's request for an extension.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own

4

>  initiative after notice to the plaintiff, shall dismiss
>  the action without prejudice as to that defendant or
>  direct that service be effected within a specified
>  time; provided that if the plaintiff shows good cause
>  for the failure, the court shall extend the time for
>  service for an appropriate period.

FED. R. CIV. P. 4(m).

Thus, the determination of whether to extend time for service pursuant to Rule 4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If a court finds good cause, the court must grant an extension of time. Id. Second, if good cause is not shown, a court has discretion to grant the plaintiff an extension of time. Id.

  1. Whether Plaintiff has demonstrated good cause for his failure to effect timely service

Courts generally consider three factors in determining whether good cause exists: 1) whether the plaintiff has reasonably attempted to effect service; 2) whether the defendant is prejudiced by the absence of timely service; and 3) whether plaintiff moved for an extension of time for effecting service. United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988) (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4. MCI Telecomms. Corp. v. Teleconcepts,

5

...

Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

Although the Court finds that Defendant did not suffer undue prejudice as a result of Plaintiff's failure to comply with the service requirements of Rule 4, the Court concludes that Plaintiff has not demonstrated good cause. Plaintiff served Defendant with a summons that failed to contain the signature of the Clerk and the seal of the Court. In responding to Defendant's Motion to Dismiss, Plaintiff noted that he had until February 3, 2005, thirteen days from filing that response, to effect service. Rather than correcting the problem at that time, Plaintiff waited until February 8, 2005 to serve Defendant with a proper summons. Plaintiff did not at any time request an extension of the 120 days. Additionally, Plaintiff offers no reason for his failure to comply with the time limits of Rule 4.

Plaintiff did not make a reasonable attempt to effect service, and Plaintiff did not move for an extension of time. The Court concludes that Plaintiff has not shown good cause for his failure to effect service within 120 days.

    2.   <u>Whether, in its discretion, the Court should grant Plaintiff an extension, despite the absence of a showing of good cause</u>

Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in its discretion, Plaintiff should be granted an extension beyond the 120-day period provided by

6

Rule 4(m). The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to the 1993 Amendments to Rule 4 provide some guidance. Petrucelli, 46 F.3d at 1305-06. One of the considerations that the Advisory Notes explain may justify an extension is if the applicable statute of limitations has run.[1] FED. R. CIV. P. 4 advisory committee's note. The running of the statute of limitations, however, does not require the Court to permit an extension. Petrucelli, 46 F.3d at 1306.

In Farrace v. United States Department of Justice, 220 F.R.D. 419, 422 (D. Del. 2004), this Court, after considering all the circumstances presented, allowed an extension of time under Rule 4(m) to prevent the cause of action from being barred by the statute of limitations. The Court, recognizing that it was not required to permit an extension, allowed the extension because the attorney, while trying to effect service, had a death in the family and problems with office staff. Id.

The statute of limitations on Plaintiff's case has run; however, circumstances like those in Farrace are not present

---

[1] Other factors courts may consider include: whether the defendant has evaded service; whether service was required to be made on multiple defendants; and whether the plaintiff is appearing pro se. FED. R. CIV. P. 4 advisory committee's note. None of these factors is present here.

here.  Plaintiff has offered no explanation for his failure to serve the summons, other than the defective summons contained a "minor, technical error" that could be corrected.  Plaintiff recognized in January that there was a problem with the summons and that he had a certain amount of time to effect service.  Still, Plaintiff waited until February 8, 2005 to serve Defendant and did not request an extension of time prior to the deadline.

Courts have warned that plaintiffs should "[t]reat the 120 days with the respect reserved for a time bomb."  Petrucelli, 46 F.3d at 1307(citing Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)).  Plaintiff did not heed this warning.  Thus, the Court concludes that an extension of time is not warranted.

### IV. Conclusion

Because the Court lacks personal jurisdiction over Defendant, Defendant's Motion To Dismiss will be granted, and this lawsuit will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[2]  Additionally, Plaintiff will not be given an extension of time to effect proper service under Federal Rule of Civil Procedure 4(m).

An appropriate order will be entered.

---

[2] Because the Court concludes that it lacks personal jurisdiction over Defendant, the Court will not address Defendant's argument with regard to insufficiency of service of process.