This message has been scanned for known viruses.

**From:** Tshaka Lafayette
**To:** 'MATY SENE', WORKITOUT26@aol.com
**Subject:** My Apologies
**Date:** Sat, 22 Oct 2005 19:18:24 -0400

Gents,

Please accept my most humble apologies for all delays or complications that my errors have created in your efforts to put the MBNA case behind you and to get justice. I screwed up and, as the lawyer you placed your faith in, accept all the blame.

I also appreciate your frustration with my unwillingness to represent you going forward. I only ask that you recall the frustration I endured in trying to find Delaware counsel to assist with the case. Each district has its own ways of doing things, although there are general rules of procedure that they all follow. For example, in the Philadelphia district, unlike Delaware, the Court never issues a summons that is not signed and and sealed by Clerk. Therefore, I erred in overlooking that technical detail. Competent local counsel may have caught that error and, hence, helped us to avoid having the cases dismissed.

If I were to re-file the action, I would again have to go through the process of finding local counsel. I am unwilling to do that given the demands it will place on my time. I would definitely not use Attorney Crosse again. I was not pleased with his services because he failed to keep me abreast of what was happening in the case. I only learned that the case had been dismissed after following up with counsel for MBNA (for the 10th time) about Raymond's settlement demand. The attorney we retained before Crosse--John La Rosa--changed the terms of the local counsel agreement at the very last minute, causing me to serve the complaint without the benefit of his experience practicing before the court.

In short, I have not had very good experiences with Delaware counsel and not even for a good friend such as yourself Maty would I go through it all again.

Tshaka H. Lafayette
Lafayette Law Group, P.C.
21 S. 12th Street, Suite 1050
Philadelphia, PA 19107
(877) 717-1010
(877) 717-1015 fax

The information transmitted in this electronic message, including any and all attachment(s), is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you received this electronic transmission in error, please contact the sender and delete the material from any computers on which it may be stored.

# LAFAYETTE LAW GROUP
### A PROFESSIONAL CORPORATION
The Stephen Girard Building, Suite 1050
21. South. 12th Street
Philadelphia, PA 19107
(877) 717-1010; (877) 717-1015 FAX

Tshaka H. Lafayette, Esquire
tshaka@lafayettelawyers.com

VIA PRIORITY MAIL
October 21, 2005

Maty Sene
1719 W. 4th Street
Wilmington, DE 19805

RE: Sene v. MBNA America Bank, N.A.

Dear Mr. Sene:

This is to inform you that the Court has granted MBNA's motion to dismiss your lawsuit. The basis for granting their Motion was that my firm had made technical errors in properly serving MBNA with the Complaint and summons.

The Motion to Dismiss was granted *without prejudice*. This means that you have the right to re-file the Complaint and ensure that it is properly served this time. However, my firm will no longer be able to represent you in this matter. Hence, we will not re-file or re-serve the Complaint for you and will be taking no further action on your behalf. We have made this decision based, in part, on our difficulties finding reliable local counsel. It is my opinion that your interests would be best served were you to find Delaware counsel going forward. To assist in this endeavor, I have enclosed the original of your entire case file.

PLEASE BE ADVISED THAT YOU MUST RE-FILE THE COMPLAINT AND FIND LOCAL COUNSEL WITHIN SIXTY (60) DAYS OF THE DATE OF THIS LETTER. FAILURE TO DO SO MAY RESULT IN YOU BEING FOREVER BARRED FROM ADVANCING CERTAIN OF YOUR FEDERAL CIVIL RIGHTS CLAIMS.

If you have any questions, or if you require further explanation, please feel free to give me a call. It has been a pleasure representing you, although I very badly about not delivering the desired results.

Very truly yours,

Tshaka Lafayette, Esquire
THL/enclosures



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

January 30, 2004

Mr. Maty Sene
1719 West 4th Street
Wilmington, DE 19805

Re:  Sene v. MBNA America Bank, N.A.
     Case No.: 0211739/17CA300093
     Notice of Reasonable Cause Finding

Dear Mr. Sene:

Enclosed is the Agency's determination in regard to the above-referenced matter. Based on the facts we were able to obtain from our investigation, we have found reasonable cause to believe that there has been a violation of Title 19, Delaware Code, Chapter 7, Subchapter II, as amended.

The next step in this Agency's administrative efforts to resolve this matter is to attempt conciliation. If conciliation fails for any reason, the Charging Party may elect to have a public hearing before Delaware's Equal Employment Review Board, or may elect a letter of Right to Sue from the Equal Employment Opportunity Commission and then proceed to Federal District Court.

☐   *To Charging Party only: Please find enclosed a request for information which will be required in order to attempt to secure an appropriate remedy. Please complete the enclosed request and return it within fifteen (15) days. If you should have any further questions or concerns, please contact Ms. Cyrella Caldwell who will be handling the conciliation in this matter.*

Sincerely,

Julie Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcf

Enclosures:   Notice of Reasonable Cause Finding
              Conciliation Questionnaire



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

NOTICE OF REASONABLE CAUSE FINDING

RE: Sene v. MBNA America Bank, NA     State Case No. 0211739

On November 15, 2002 Mr. Maty Sene filed a charge of discrimination against MBNA America Bank, NA (MBNA). The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding

On January 30, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.  Undisputed Facts:

   1. Charging Party is a black individual of African national origin who began employment in Respondent's Fraud Detection Department in February 2001.
   2. In May 2002 Charging Party was promoted to a Senior Analyst within that department and as such, was eligible for additional pay through Respondent's monthly incentive plan.
   3. Charging Party complained that whites with lower production figures than he received incentive while he did not.
   4. On November 22, 2002 Respondent discharged Charging Party.

II. Disputed Facts:

   1. Charging Party alleges that Respondent has discriminated against him because of his race, color, national origin as well as retaliated against him.
   2. Respondent alleges that Charging Party was treated no differently than similarly situated whites in his department. Because Charging Party purportedly could not give a viable explanation for allegedly falsifying accounts during a routine department audit, Respondent subsequently discharged Charging Party.

III. Resolution of Material Facts in Dispute:

   1. On September 11, 2002 Charging Party met with his manager, Mr. Jim Wilson (white American), who informed Charging Party that his August 2002 statistics did not qualify for incentive.
   2. Charging Party grieved incentive to his Department Manager, Ms. Wendy Jamison (white American), Fraud Detection Manager and filed an internal EEO complaint
   3. Respondent conducted a department-wide audit between August 27 and September 20, 2002.
   4. Charging Party's questionable documentation was made on September 11, 12, 13 or 19, 2002.
   5. Of the twelve accounts of Charging Party's Respondent questioned, two were classified as fraud, which is denied by Mr. Sene. Because Respondent's fraud track system is very complicated without explanation from Respondent, it is inconclusive that Charging Party falsely documented accounts.
   6. Questions about Charging Party's accounts arose after Charging Party complained.
   7. During August 2002, besides Charging Party, a white female and a black female were also ineligible for incentive. Thirteen analysts received incentive for this month, of which two were black. The amount of bonus for these two employees ranked near the bottom of all incentives given.
   8. About a quarter of Respondent's Fraud Analysts are black.
   9. No corroborative evidence was submitted on color or national origin.

Sene v. MBNA.
Page Two
January 30, 2004

IV.   Resolution:

   a. Charging Party has met his burden of proof showing Respondent retaliated against him.

   b. Charging Party has not met his burden of proof showing that he suffered an adverse action by Respondent due to his race, color or national origin.

Due to the probable cause finding of the Charge of Discrimination, State Case No. 0211739, the administrative process will now proceed to a conciliation phase pursuant to 19 Del.C. Section 712(b).

01 30 04
DATE

1/30/04
DATE

Stephen J. Willis
STEPHEN J. WILLIS, LLEO

Julie Cutler
JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR

CERTEFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT COPIES OF THE LETTE[R] WERE CAUSED TO BE SERVED THIS NOVEMBER 30TH, 2005, UPON THE FOLLOWING IN THE MANNER INDICATED:

By HAND

SCOTT A. HOLT
YOUNG, CONAWAY, STARGATT & TAYLOR
THE BRANDYWINE BUILDING
1000 WEST STREET, 17th FLOOR
P.O. BOX 391
WILMINGTON DELAWARE 19899-0391

MATY SENE

MATY SENE - ECONOMIST
1719 WEST 4th STREET
WILMINGTON D.E. 19805
(302) 428 0613