IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATY SENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1331 JJF |
| ) | |
| MBNA AMERICA, INC., ) | |
| ) | |
| Defendant ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE

Defendant MBNA America, Inc. hereby submits this memorandum in opposition to Plaintiff Maty Sene's motion to re-open the above case. For the reasons set forth below, this motion should be denied.

### Background

1. This case was dismissed on September 20, 2005 after the Court granted Defendant's motion to dismiss for lack of personal jurisdiction. See Order dated 9/20/05, D.I. 18. The motion was granted after Plaintiff had failed to properly serve Defendant a signed, sealed summons within the 120 day period prescribed by Fed.R.Civ.P. 4. See Mem. Op. dated 9/20/05, D.I. 17. Following the decision, Plaintiff did not request re-argument and no appeal was made to the Third Circuit Court of Appeals.

2. On November 30, 2005 Mr. Sene, apparently on his own without the benefit of counsel, filed a motion to re-open his case because of his "former attorney's admission of incompetence and negligence in his handling of [Sene's] case which resulted in several gross mistakes including devastating late filings." See Sene letter to Court, dated 11/30/05, D.I. 20.

### Argument

3. Plaintiff's motion to re-open his case appears to be the equivalent of a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and thus will be treated as

such for purposes of this opposition. In relevant part, Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reasons justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

4. The standard of review for a Rule 60(b) motion is well-settled. A decision to grant or deny relief under Rule 60(b) is committed to the sound discretion of the district court. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981) (citations omitted). As this Court has recognized, however, a district court's exercise of its discretion is not unfettered. Wilson v. Dept. of Corrections, 2001 U.S. Dist. LEXIS 10598 * 4 JJF (D.Del. July 24, 2001) (citing Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987)). "In applying Rule 60(b), the court should be cognizant that final judgments are not to be disturbed lightly and the procedures in Rule 60(b) are not meant to be a substitute for an appeal." Id. (citing Kock v. Government of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987)). As a result, "relief under Rule 60(b) is considered extraordinary and is only warranted in special circumstances sufficient to overcome the overriding interest in the finality of judgments." Id. at *4-5 (citing Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987)).

5. From what can be derived from his Rule 60 motion, Plaintiff is seeking relief from this Court's final order for what he contends was incompetence and negligence on the part of his attorney. He alleges that his attorney made several significant mistakes, including the

improper and untimely service of the complaint and summons. See D.I. 20. Plaintiff's contentions, even if true, do not constitute sufficient grounds to grant relief under Rule 60.

      6.     It is widely recognized that mistakes or negligence by counsel do not form the basis for relief from a final judgment or order. See, e.g., Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) ("attorney inattentiveness is not excusable, no matter what the resulting consequences . . . may have on a litigant."); Sparrow v. Heller, 116 F.3d 204, 206 (7th Cir. 1997) (holding that "inexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion."); Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996) (explaining that failing to read or comprehend applicable rules is an "unaccountable lapse" and not "excusable neglect"); Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993) ("a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."); Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043-44 (9th Cir. 1992) ("attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)"); cf., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.").

      7.     As explained by the United States Supreme Court, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs., 507 U.S. at 396. This is because a client, having chosen a particular attorney to represent him in a proceeding, cannot "avoid the consequences of the acts or omissions of this freely selected agent." Id. at 397 (citations omitted). "[A]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id. Moreover, if the court was "to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even

though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear." Pryor v. U.S. Postal Serv., 769 F.2d 281, 288-89 (5th Cir. 1985).

8.   In short, Plaintiff's contention that his lawyer made several mistakes which resulted in the dismissal of his lawsuit is not a basis for granting relief under Rule 60(b). Plaintiff authorized his attorney to represent him and he is therefore bound by his attorney's actions and omissions. He has not shown any extraordinary or special circumstances sufficient to overcome the overriding interest in the preserving the finality of this Court's decision on September 20, 2005.

WHEREFORE, Defendant respectfully requests that this Court grant deny Plaintiff's motion.

Respectfully submitted,

_____
Scott A. Holt (Del. No. 3399)
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6623
sholt@ycst.com
Attorneys for Defendant

DATED: December12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on **December 12, 2005**, I electronically filed a true and correct copy of **Defendant's Opposition To Plaintiff's Motion To Re-Open Case** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Kester I. H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street, Suite 300
> Wilmington, DE 19801

I further certify that on December 12, 2005, I caused a copy of **Defendant's Opposition To Plaintiff's Motion To Re-Open Case** to be served on the following:

Tshaka H. Lafayette, Esquire
Lafayette Chisholm Talmadege & Jackson, P.C.
The Stephen Girard Building
21 South 12th Street - Suite 1050
Philadelphia, PA 19107

Kester I. H. Crosse, Esquire
Williams & Crosse
1214 King Street, Suite 300
Wilmington, DE 19801

Mr. Maty Sene
1719 West 4th Street
Wilmington, DE 19805

**BY HAND DELIVERY**

**BY UNITED STATES FIRST CLASS MAIL**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire (Del. No. 3399)
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6623
sholt@ycst.com
Attorneys for Defendant

DATED: December 12, 2005