```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

MATY SENE,                      :
                                :
        Plaintiff,               :
                                :
    v.                          :    Civil Action No. 04-1331-JJF
                                :
MBNA AMERICA, INC.,             :
                                :
        Defendant.              :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion To Re-Open The Case (D.I. 20). For the reasons discussed, the Motion will be denied.

### I.   BACKGROUND

On October 5, 2004, Plaintiff filed his Complaint, alleging that Defendant, Plaintiff's former employer, engaged in racially discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Delaware Discrimination Act. On September 20, 2005, the Court granted Defendant's Motion To Dismiss (D.I. 4) based on a lack of personal jurisdiction due to insufficient process. (D.I. 18). Plaintiff did not appeal the Court's judgment. Instead, on November 30, 2005, Plaintiff filed the instant Motion To Re-Open The Case, arguing that his attorney's negligence and incompetence justify re-opening the case.

## II. DISCUSSION

The Court will treat Plaintiff's motion to re-open as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). <u>Mondesir v. Trans Union</u>, No. 98-5989, 2001 U.S. Dist. LEXIS 435, at *2 (W.D. Pa. 2001). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) should only be granted in exceptional circumstances. <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978). Under 60(b)(1) and (6), attorney negligence and ignorance of court rules do not qualify as exceptional circumstances and, therefore, do not justify relief from an adverse judgment against a client. <u>Lee v. Toyota Motor Sales, U.S.A.</u>, No. 96-2337, 1997 U.S. Dist. LEXIS 6889, *4 (E.D. Pa. 1997); <u>Douris v. County of Bucks</u>, No. 99-3357, 2000 U.S. Dist. LEXIS 13406, at *3 (E.D. Pa. 2000) (citing <u>Quality Prefabrication, Inc. v. Daniel J. Keating Co.</u>, 675 F.2d 77, 79 n.3 (3d Cir. 1982)) (citations omitted). Rather, "the appropriate remedy for attorney negligence or misconduct is a malpractice action and not the overturning of judgment." <u>Mondesir</u>, 2001 U.S. Dist. LEXIS 435, at *4.

Plaintiff contends that his attorney was negligent in failing to follow court rules when filing and serving his Complaint. The Court recognizes that the dismissal of this case may be unfair to Plaintiff; however, a court may not grant motions for relief from judgment pursuant to Rule 60(b) "merely because it believes the prior judgment may have been inequitable." Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987). Accordingly, the Court will deny Plaintiff's Motion To Re-Open The Case (D.I. 20).

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED this 5 day of January 2006 that Plaintiff's Motion To Re-Open The Case (D.I. 20) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE